UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPTAIN D.C. ANDERSON,

                Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK (SUNY); COLUMBIA UNIVERSITY; RUTGERS UNIVERSITY; PACE UNIVERSITY,

                Defendants.

24-CV-2083 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated March 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Captain D.C. Anderson, a resident of Westchester County, filed this complaint against the State University Of New York (SUNY), Columbia University, Rutgers University, and Pace University. He invokes the National Environmental Policy Act (NEPA), which he claims "requires the federal government to use all practicable means to create and maintain conditions under which man and nature can exist in productive harmony." (ECF 1 at 1.) He also purports to be "proceeding under Title I." (*Id.*)

According to Plaintiff, the "general public is not being told the truth about the severity of climate change," and Defendants are "violating the variable laws of man, and the immutable laws of physics, by teaching their students, and thereby the public, that the future . . . will be one where climate change is manageable, and sustainability is achievable." (*Id.* at 1, 3.) Plaintiff

provides facts and charts about the "carbon ratio" and the "serious problem" of carbon emissions. (*Id.* at 5-15.)

Plaintiff alleges that "[t]here are no words to adequately describe the scope and magnitude" of his injuries. (*Id.* at 16.) He seeks an injunction "to stop Defendants from" misleading their graduates with respect to the severity and reversibility of climate change. (*Id.*) Plaintiff also seeks $50 million from each Defendant "to begin a grassroots program to tell the public the truth about climate change." (*Id.*)

## DISCUSSION

**A.    Standing**

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61). "The party invoking federal jurisdiction bears the burden" of establishing standing. *Lujan*, 504 U.S. at 561. At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc.*, 578 U.S. at 338.

The injury-in-fact requirement is "first and foremost" among the three elements of standing. *Id.* (internal quotation marks omitted). An injury in fact consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted) (citations

3

omitted). A harm is "concrete" if it actually exists and is "particularized" if it affects the plaintiff personally and individually. *Spokeo, Inc.*, 578 U.S. at 339-40. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 339 (2016) (citing *Lujan*, 504 U.S. at 560 n.1). In contrast, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499.

An "actual" injury is one that has already occurred, while a plaintiff seeking to show an injury is "imminent" must demonstrate that the harm is "certainly impending," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted), or that there is a "substantial risk the harm will occur," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2021) (internal quotation marks omitted). A plaintiff cannot establish that a harm is "imminent" through bare allegations "of possible future injury" contingent on a "highly attenuated chain of possibilities." *Clapper*, 568 U.S. at 409-10.

Here, Plaintiff's allegations are not concrete and particularized because they do not show personal and individual harm to Plaintiff. *See, e.g.*, *Spokeo, Inc*, 578 U.S. at 342 (holding that "not all inaccuracies cause harm or present any material risk of harm"). Plaintiff asserts that the government is not informing the general public about the severity of climate change, and that various colleges and universities are failing to adequately educate students about these matters.

Any alleged injuries Plaintiff sustained as a result of these acts or omissions are not concrete and particularized because they have not affected Plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Instead, any alleged injuries sustained as a result of these defendants' actions are generalized grievances that Plaintiff "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno.*, 547 U.S. 332, 345 (2006);

4

*Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974) (holding that exercise of federal jurisdiction is not warranted when the harm asserted is a "generalized grievance" shared equally by all of a large class of citizens). The Court therefore dismisses Plaintiff's claims for lack of standing, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.    National Environmental Policy Act**

Plaintiff invokes the National Environmental Policy Act (NEPA), 43 U.S.C. § 1638. Circuit courts that have considered the issue have held that there is no private right of action under NEPA. *See, e.g.*, *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016); *Karst Env't. Educ. & Prot., Inc. v. Env't. Prot. Agency*, 475 F.3d 1291, 1295 (D.C. Cir. 2007) (citing *San Carlos Apache Tribe v. United States*, 417 F.3d 1091 (9th Cir. 2005))). District court decisions relying on those decisions have not been overturned by the Second Circuit. S*ee Powers v. Long Island Power Auth.*, No. 21-1755-CV, 2022 WL 3147780, at *3 (2d Cir. 2022) (declining to "address the district court's conclusion that there is no private right of action under NEPA.")

Courts have held that plaintiffs challenging a final action of a federal agency action under NEPA may do so under the Administrative Procedure Act (APA). *See Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006) (citing *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 939 (9th Cir. 2005)). Here, however, Plaintiff is suing New York State's public university system, a public university in New Jersey, and two private schools in New York. Because Plaintiff does not sue the federal government, and because his claims do not implicate a final federal agency action, the allegations in the complaint cannot be reviewed under the APA. *See Weiss v. Incorporated Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 579 (E.D.N.Y. 2011) ("[T]he Court need not reach this issue [of whether there is a private right of action under NEPA]

5

because the lack of federal involvement provides sufficient grounds to dismiss plaintiff's claims" under that statute). Any claims Plaintiff is asserting under NEPA are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## DENIAL OF LEAVE TO AMEND

Courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   July 29, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
